# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOPE FERNANDEZ KAMBICK, *individually and on behalf of all those similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>PAPA MURPHY'S INTERNATIONAL LLC,<br><br>Defendant. | Case No. 1:25-cv-01645-KES-SAB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO COMPLY WITH COURT ORDER<br><br>**DEADLINE: MARCH 27, 2026** |

On March 6, 2026, the Court ordered Plaintiff to file a status report regarding the status of readiness to proceed with the initial scheduling conference. (ECF No. 7.) The Court observed that the deadline for Defendant to file an answer had come and gone and inquired of Plaintiff whether she planned to move for an entry of default or for a continuance in order to allow Defendant to appear and answer. (Id.) On March 16, 2026, Plaintiff filed a status report indicating that she and Defendant had privately stipulated to allow Defendant to appear and answer by March 24, 2026. (ECF No. 8.) No stipulation to that effect was filed on the docket. Accordingly, on March 17, 2026, the Court ordered the parties to file a stipulation by March 20, 2026.[1] The deadline to file a stipulation has come and gone, and Plaintiff has not filed a stipulation, a motion for entry of default, or any other response to the Court's March 17, 2026

---

[1] Indeed, the Court observes that such a stipulation would need Court approval given that Defendant has already missed its deadline to file an answer.

1

order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

The Court shall require Plaintiff to show cause why monetary sanctions should not issue for the failure to file a stipulation or a response to the Court's March 17, 2026 order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall show cause in writing no later than **March 27, 2026,** why monetary sanctions should not issue for the failure to file a stipulation or a response to the Court's March 17, 2026 order (ECF No. 9.);

2. Should Defendant appear and file an answer, such appearance and answer shall not absolve Plaintiff of responding to this order to show cause; and

3. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **March 23, 2026**

STANLEY A. BOONE
United States Magistrate Judge

2